UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHIBIKI ADIENKA GLASGOW,<br><br>Petitioner,<br><br>v.<br><br>DAVID WESLING, Field Office Director, ICE Enforcement and Removal Operations, Boston Field Office; DAVID VENTURELLA, Acting Director U.S. Immigrations and Customs Enforcement, and MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Attorney General of the United States,<br><br>Respondents. | CIVIL ACTION NO. 26-14747-WGY |

YOUNG, D.J. November 3, 2026

**ORDER**

The Court has reviewed Petitioner Shibiki Adienka Glasgow's ("Petitioner" or "Pet.") Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition"), ECF No. 1, and the Respondents' Response to Habeas Petition and Motion to Dismiss ("Response"), ECF No. 9.

On May 1, 2026, an Immigration Judge found Petitioner was not a danger to the community or a flight risk and ordered her released on a $9,000 bond. Pet. ¶ 24; ECF No. 1-5. On October 20, 2026, on appeal by the Department of Homeland Security

("DHS"), the Board of Immigration Appeals ("BIA") vacated the Immigration Judge's decision and ordered Petitioner detained without bond. ECF No. 1-4. In its decision, the BIA shifted the burden of proof to the Petitioner stating, "A [noncitizen] in a custody determination under section 236(a) of the INA, 8 U.S.C. § 1226(a), must establish to the satisfaction of the Immigration Judge and this Board that he or she does not present a danger to persons or property, is not a threat to national security, and does not pose a risk of flight. Matter of Adeniji, 22 I&N Dec. 1102, 1112-13 (BIA 1999)." Id. at 4-5. On de novo review, the BIA concluded Petitioner "did not meet her burden of proof to demonstrate that she does not pose a risk of danger to the community and is not a flight risk." Id. at 5-6. This is clearly an error of law and a violation of due process. The First Circuit has held that due process requires the **government**, to continue detaining a noncitizen under 8 U.S.C. § 1226(a), "to either (1) prove by clear and convincing evidence that she poses a danger to the community or (2) prove by a preponderance of the evidence that she poses a flight risk." Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021), abrogating Matter of Adeniji, supra (emphasis added).

Accordingly, the Petition, ECF No. 1, is ALLOWED, so far as the Immigration Judge's order releasing Petitioner on $9,000 bond shall be reinstated.

Respondents are hereby ORDERED to reinstate the Immigration Judge's order releasing Petitioner on $9,000 bond with previous conditions. Respondents are ORDERED not to re-detain the Petitioner pursuant to BIA's order. Respondents' Motion to Dismiss, ECF No. 9, is DENIED. The Court further orders Respondents to file a status report within fourteen (14) days of this Order confirming Petitioner's custody status. Petitioner's Motion for Temporary Restraining Order, ECF No. 2, and Motion Preserving the Status Quo, ECF No. 7, are DENIED as MOOT.

**SO ORDERED.**

William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[1]

---

[1] This is how my predecessor, Peleg Sprague (D. Mass 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 48 years.